THE PENNSYLVANIA RAILROAD COMPANY

*v.*

DELIA F. WARREN et al.

[Decided June 6th, 1905.]

1. Where the by-laws of a beneficial association require that on a change of beneficiary the member shall designate the substituted beneficiary in writing, a person whom the member intended and attempted to substitute as beneficiary, but who has not been actually substituted in writing, is not entitled to the fund, although the association has paid it into court.

2. An antenuptial parol agreement by a husband to make the wife beneficiary in a mutual benefit certificate is void under the provision of the statute of frauds that an agreement made in consideration of marriage must be reduced to writing and signed.

On bill of interpleader, &c.

*Mr. Bayard Stockton,* for the defendant Delia F. Warren.

*Mr. Fergus A. Dennis,* for the defendant Sarah C. Warren.

BERGEN, V. C.

On May 25th, 1892, Franklin P. Warren, then, and until his death, April 10th, 1903, in the employ of the Pennsylvania Rail-

road Company, applied in due form to be admitted a member of the Relief Fund of that company, a beneficial order instituted and managed under the direction of the company for such of its employes as choose to join and submit to a monthly deduction from their wages to be applied in payment of their dues. The application contained the consent and agreement of the applicant to be bound by the regulations of the association then in force, or which might thereafter be adopted by its directors, and was approved by the proper officers, after which the required certificate, bearing date June 1st, 1892, was issued to the applicant and continued in force until his death.

One of the regulations provides that "an applicant may, in his original application or subsequently in the prescribed form, designate a beneficiary or beneficiaries, who shall, upon the approval of the designation by the superintendent of the relief department, be entitled to receive his death benefit," and a subsequent regulation makes death benefits payable to the beneficiary designated in the member's principal application, or subsequently in the prescribed form, when such designation shall have been approved by the superintendent.

In the case under consideration the original application designated as the person to whom death benefit should be payable "my niece Sarah C. Warren, * * * or to such other person or persons as I shall subsequently *designate in writing,* in substitution therefor." At the time of his death the applicant had not designated in writing any substitute for the beneficiary named in the original application, although it appears that he had determined to substitute his wife Delia in the place of his niece, and in furtherance thereof left his certificate with the agent of the company, giving him instructions to have the change made. The agent communicated with the proper officer of the association, notifying him of the applicant's desire, but before the necessary written designation required by the contract was executed by the applicant he died. The fund, amounting to $500, being claimed by the widow and also by the niece through her guardian, Mary E. Warren, the association has paid the money into court under a bill of interpleader and taken a

decree against the claimants, thus raising the question, which of these claimants is entitled to the fund?

The claim on behalf of the niece is rested entirely upon the fact of the original designation undisturbed by any such substitution as the contract requires. The insistment of the widow is —*first,* that the attempt of her husband to substitute her is effective in equity as between these claimants, and *second,* that by an antenuptial agreement her husband promised, in consideration of her marriage to him, that he would·make her the beneficiary of this fund. In support of the first point it is urged that the requirement of a written substitution was only intended for the protection of the company, which they waived by paying the fund into court, and that the rights of the parties are not controlled by that stipulation in the contract, at least not so far as to prevent the court from carrying out the expressed but unexecuted intention of the donor, and the stakeholder being eliminated, an intention to make a new designation may be proved and enforced.

The adjudged cases in this court do not support this contention. On the contrary, the rule has been laid down "that no person can successfully assert a right to a fund payable on the death of a member unless he can show that he has been appointed a beneficiary by said member in the manner required by the contract." *American Legion of Honor* v. *Smith, 45 N. J. Eq. (18 Stew.) 466.*

In *Grand Lodge Ancient Order United Workmen* v. *Connolly, 58 N. J. Eq. (13 Dick.) 180,* the beneficiary named was a wife who predeceased her husband. After the wife's death the husband applied to the officers of the local lodge to have the certificate made payable to his children, and was informed by them that it was only necessary to hand the certificate to his children. This was done, and no formal designation of the children as beneficiaries was made. The husband married again, and on his death the widow and children each claimed the fund; whereupon the holder filed a bill for interpleader and deposited the fund in court. The constitution of the association required, if a new direction as to payment was desired, a written request, surrender

of the certificate and the issue of a new one, and as this had not been done the court held that the attempted designation of the children failed, and there being no beneficiary named, the widow took under a provision to that effect in the constitution. In the case last referred to it was urged that the bill was for interpleader, and the money in court to be paid as the decree might direct; that the regulation respecting the appointment of a new beneficiary was only for the benefit of the order issuing the certificate, and that if it raised no objection the widow could not, and that an intention to make a new appointment could be proved in any manner, and if proved would be regarded and enforced.

The foregoing reasons are substantially those advanced in this case, but were not considered controlling by Vice-Chancellor Reed, who applied the rule "that a member must revoke his designation of a beneficiary and appoint a new one in the way pointed out by the laws of the organization."

The second ground upon which the widow of the applicant places her claim is that previous to her marriage, and as a consideration therefor, her husband agreed to make her the beneficiary of this fund, and that this promise was an antenuptial agreement which she, having performed on her part, is entitled in equity to have carried out, although the alleged promise was not in writing. The parol agreement set up falls under the ban of our statute against frauds, under which no action can be sustained to charge a person upon any agreement made in consideration of a marriage unless reduced to writing and signed by the party sought to be charged. It therefore follows that if the promise cannot be enforced, no legal duty arises, for marriage alone is not such a part performance as will remove the bar of the statute. *Manning* v. *Riley, 52 N. J. Eq.* (*7 Dick.*) *39,* and cases there cited; *Russell* v. *Russell, 60 N. J. Eq.* (*15 Dick.*) *282.*

My attention was called to the case of *Pennsylvania Railroad Co.* v. *Wolfe, 203 Pa. St. 269; 52 Atl. Rep. 247,* in which the supreme court of Pennsylvania held, under circumstances similar, that when the marriage contract was complete the wife had

an equitable claim to the certificate or to the benefit it represented, a right not dependent on his will, "but one no longer in his power as between him and her to confer or withhold." This adjudication, as expressed in the opinion of the court, certainly bears out the contention made on behalf of the widow here, but it does not appear that the court, in reaching its determination, was restrained by any statute requiring such a contract to be in writing, and the presumption is that no such statute existed in that state, otherwise it will be difficult to reconcile the view of the court with such prohibitive statute, and as a consequence the rule governing antenuptial parol promises, as established in Pennsylvania by that case, has no standing in a jurisdiction where the enforcement of such a parol promise is forbidden by statute.

According to the conclusions which I have reached, the guardian of Sarah C. Warren is entitled to be paid the fund, and I will advise a decree to that effect.