The only question for solution herein is whether a certain written request made by the insured to the insurer for a change of beneficiaries in a policy of life insurance is effective as against the beneficiaries theretofore designated.
The insurer has paid the money into court and has been discharged by a decree of interpleader; the respective claimants to the fund have been heard at final hearing on their statements of claims.
The policy of insurance by its terms reserves to the insured the right to change the beneficiaries. Touching the manner in which the insured may make a change of beneficiaries the policy provides:
"Change of beneficiaries: If the right to change the beneficiary has been reserved the insured may at any time while this policy is in force, by written notice to the company at its home office, change the beneficiary or beneficiaries under this policy, such change to be subject to the rights of any previous assignee and to become effective only when a provision to that effect is endorsed on or attached to the policy by the company, whereupon all rights of the former beneficiary or beneficiaries shall cease."
A written demand for a change of beneficiaries was made upon the insurer by the insured, accompanied by the policy of insurance. The change demanded was:
"Make policy payable, in case of the death of the insured, to his wife, Estella E. Reid and Halpen Green Co., share and share alike or the survivor if there be any; otherwise to the executors, administrators or assigns of the insured."
Instead of endorsing this change of beneficiaries on the policy the insurer, on August 11th, 1928, wrote to its local agent as follows:
"Before we can forward the proper amendment form for the signature of the insured, we will have to be informed whether Halpen Green Co. is a corporation or a firm. The policy will be held pending the receipt of a reply from you." *Page 340 
September 4th, 1928, the local agent wrote to the insurer at its home office as follows:
"In acknowledging your letter of August 21st, would say that Halpen Green Company is a firm."
Thereafter the insurer prepared a new form of request for change of beneficiaries for the insured to execute and forwarded it to the local agent, in which form Halpen, Green Company are referred to as partners, with a blank space left for the names of the members of the firm to be supplied; but before it was mailed the insured had died.
At this time the members of the partnership of Halpen, Green 
Company claim one-half of the fund and the widow of deceased the other one-half; the former beneficiaries claim the fund and urge that there was an imperfect or incomplete change of beneficiaries.
From the foregoing it will be observed that the failure of the insurer to endorse on the policy the change of beneficiaries was not because of any objection to such change being made as the insured might desire, but was for the commendable purpose of assisting the insured by having the purpose of the insured more clearly expressed. Indeed the proposed new designation was to the same effect as the original one except in that it defined Halpen, Green Company as a partnership and sought the insertion of the names of the members comprising that firm.
A class of cases is to be found in which a policy of insurance or the by-laws or regulations of a beneficial organization permit a change of beneficiary only with the approval of the insurer. In this state Supreme Council American Legion of Honor v. Smith,45 N.J. Eq. 466, and Pennsylvania Railroad Co. v. Warren,69 N.J. Eq. 706, are of that nature, and arise under Beneficial Societies' certificates, and in State Mutual Life Assurance Co.
v. Bessett, 41 R.I. 54; 102 Atl. Rep. 727, a similar situation is presented in a policy of insurance. The present case is to be distinguished from that class of cases, since no discretion as to who shall be beneficiaries *Page 341 
is reserved to the insurer in the policy here in question. In cases of the latter class the endorsement on the policy is, I think, uniformly and properly regarded as a mere ministerial act, where the insured has done all that he should have done to entitle him to have the endorsement made on the policy. This is necessarily so, since the absence of any reservation of a discretionary right on the part of the insurer in the matter of change of beneficiaries must give to the insured an unrestricted right, so far as the insurer is concerned. And if it be here determined that the insurer should have made the endorsement on the policy, equity must regard that which should have been done as having been done, and the rights of the respective parties in interest will be measured without regard to the absence of the ministerial act of endorsement. In Polish National Alliance v.Nagrabski, 71 N.J. Eq. 621, these principles are applied in a case relating to certificates of a beneficial society, and inReid v. Durboraw (Circuit Court of Appeals, 4th Circuit),272 Fed. Rep. 99, the same principles are further illustrated and applied. See, also, to the same effect Mutual Life InsuranceCo. v. Lowther (Court of Appeals of Colorado),126 Pac. Rep. 882.
The rights of the beneficiary who has been first appointed have been variously defined by the courts; in this state as vested rights (Metropolitan Insurance Co. v. Clanton, 76 N.J. Eq. 4;Sullivan v. Maroney, 76 N.J. Eq. 104; affirmed, 77 N.J. Eq. 565; Anderson v. Broad Street National Bank, 90 N.J. Eq. 78;Produce Insurance Co. v. Deyerberg, 101 N.J. Eq. 90), elswhere as merely "inchoate rights." Mutual Benefit Life Insurance Co.
v. Swett, 222 Fed. Rep. 200. But in all cases the rights acquired by the beneficiary first appointed are regarded as defeasable, and as divested by a subsequent appointment pursuant to the terms of the contract of insurance.
Since, as already stated, the insurer had no right to withhold endorsement of a proper request for change of beneficiaries, and in consequence any endorsement which should *Page 342 
have been made will be here deemed as having been made, the only remaining inquiry appears to be whether, assuming the endorsement to have been made by the insured when the request was received by it, was it in terms sufficiently definite to confer upon the present claimants under it the rights they now assert. Touching that inquiry I am unable to entertain substantial doubt. While partners sue and are sued by their individual names as partners comprising a partnership firm, they trade under and are commonly known by their partnership name and by that name identified. The appointment of the firm as a beneficiary by its adopted name lacks nothing as a means of identifying the beneficiary; the benefaction becomes an asset of the partnership and is necessarily shared by its members as such. The intent of the insured to appoint that partnership as an entity and the widow of the insured beneficiaries, each to take one-half, is unmistakable. Nor is the suggestion of vagueness touching survivorship, as referred to in the appointment of new beneficiaries, vital. Treating the partnership as an entity it could either survive or be survived by the insured. But that was not a matter of substantial concern of the insurer, and an endorsement on the policy or annexation to the policy of the request should have been made by the insurer, and since the partnership named still exists without change and the widow is still alive, any possible vagueness in the provision for survivorship is at this time of no practical consequence or a matter of which the earlier beneficiaries may complain.
The fund may be paid one-half to the widow and the other one-half to the partnership. *Page 343