## GRIGG vs. LANDIS.

1. An assignment of a contract, in express violation of its positive provisions, is void, and the party claiming through such assignment, is entitled to no relief in equity.

2. In equity, time is often regarded as not of the essence of a contract; but where it is of the essence, it will be insisted on as well in equity as at law.

3. Time is of the essence of a contract, either when from the nature or subject matter of the contract it is material that it should be performed at the time, or when the contract, by express stipulations, makes it of the essence, and releases the other party upon failure to comply within the time.

4. Where a contract for the sale of land provides that the vendee shall make certain improvements within one year, and that if not made within the time specified, the vendor should have the right to take back the property on refunding the money received, time is of the essence of the contract, and in such case, the subsequent performance of the stipulations, without the assent of the vendor, can have no effect upon his rights.

This is a bill filed for specific performance of an agreement for the sale of two several tracts of land, covenanted to be conveyed by the defendant to the complainant. The defendant, the proprietor of lands at Vineland, in Cumberland county, by two several instruments in writing, each called by him "bond of agreement," acknowledging the payment of certain

sums of money, in part payment of the consideration money, agreed to convey said lands respectively by warranty deeds in fee simple, when the purchase money should be paid, and certain improvement stipulations complied with ; the agreements providing that in default of complying with said stipulations, within the time specified, the said Landis should have the right to take back the lands, by paying to Grigg the amount paid on the purchase.

Grigg failed to pay the money by instalments within the time required by the agreements; and also failed to perform the improvement stipulations within the time required. The improvement stipulations were, in substance, to erect a dwelling-house on the property sold, to plant shade trees, &c., and to bring into cultivation two and a half acres of land within time specified in the agreement. Landis gave a notice to Grigg that he confiscated the property for non-performance of the covenants. Grigg, after the prescribed time, performed all the covenants, tendered the residue of the consideration money, and demanded a deed.

The cause was argued upon bill, answer, replication, and proofs.

*Mr. Carpenter*, (with whom was *Mr. Browning*) for complainant.

Provisions for re-entry (or forfeiture,) and other stipulations of the kind, are considered in courts of equity as merely security for the payments to be made, or the covenants to be performed. Courts lean against forfeitures. 2 *Story's Eq. Jur.*, § 1315.

Time is not generally of the essence of the contract, unless parties have so treated it, or it follows from the nature and circumstances of the case. 2 *Story's Eq. Jur.*, § 1323 ; *Harris* v. *Troup*, 8 *Paige* 425.

Once a mortgage always a mortgage. A mortgage cannot by agreement be made irredeemable. Courts will not permit the vendor to see vendee make improvements, and then,

because of a failure to comply with his covenants in respect of time, to re-enter. Equity, in such case, will not enforce a forfeiture, but will decree a conveyance. *Coote on Mortg.*, (*Law Lib.* ed.) *p.* 11; 4 *Kent* 142; 2 *Story's Eq. Jur.*, § 1019; *Youle* v. *Richards, Saxt.* 535; *Murphy* v. *Lockwood*, 21 *Ill.* 611.

Tender of precise sum unnecessary in order to enforce specific performance, there being an averment of readiness. to pay. *Irvin* v. *Gregory*, 13 *Gray* 215.

*Mr. J. T. Nixon,* for defendant.

THE CHANCELLOR.

The complainant asks for the specific performance of a contract under seal, to convey lands, made by the defendant with A. K. Foster, and by Foster assigned to the complainant. The contract was dated September 1st, 1864. It required Foster to make certain improvements within one year, and provided that if the improvements were not made within the time specified, Landis should have the right to take back the property, on refunding the money received. It provided that Foster should not assign the contract before the improvement stipulations were complied with, nor until all instalments fallen due were paid. Foster did not fulfill the improvement stipulations within one year, the time specified, nor did he pay the instalments of the purchase money as stipulated. On the 23d of October, 1865, he assigned it to the complainant, with the improvement stipulations unfulfilled, and with part of the purchase money due and unpaid. Grigg, after this, paid the unpaid purchase money to Landis, but paid it as the agent of Foster, Landis having no notice of the assignment; nor does it appear that he knew that the improvements had not been made within the year.

Landis insists that he has the right to retain the property, upon paying back the purchase money, and offers to pay it; and he tendered it to Foster before suit brought. He also

insists that the assignment to the complainant is void by the express provision of the contract, and that he is not entitled to call for a conveyance.

Any person in selling his property, or making a contract for the sale, has the right to make such agreements and conditions as the purchaser will assent to, provided they are not contrary to law, or the policy of the law. It is not allowed to make property inalienable; it is contrary to the policy of the law; but it is permitted to restrain alienation for a limited time, or for certain specified purposes, or on certain conditions. *Choses in action*, or contracts, are not at law alienable at all, without any restriction in the contract. The contract in this case is only alienable in equity. Of course, the provision making it inalienable cannot be against law, or the policy of the law. And there is nothing inequitable in the provision that until all arrears are paid up, and all stipulations complied with, the contract shall not be assigned, even in equity. It must be held, therefore, that the assignment made in express violation of the positive provisions of the contract, is void, and the complainant claiming through such assignment, is entitled to no relief in equity. There is no evidence whatever, that Landis has done any thing to recognize or confirm the assignment. Landis has the right to take back the property, upon refunding to the purchaser all that he has received on account of the purchase.

It is contended by the complainant that in this contract time is not of the essence, and that a performance, or offer to perform, after the time has expired, is in equity a good performance of the contract, and will entitle the complainant to relief.

Time is often regarded in equity as not of the essence of a contract, but when it is of the essence, it will be insisted on in equity as well as at law. And it is of the essence of a contract, either when, from the nature or subject matter of the contract, it is material that it should be performed at the time, or when the contract by express stipulations, makes it of the essence, and releases the other party upon failure to

2 G *

comply within the time. *Fry on Spec. Perf.* § 711, 713; *Benedict* v. *Lynch*, 1 *Johns. C. R.* 370; *Wells* v. *Smith*, 7 *Paige* 22.

In this case, time is of the essence of the contract on both grounds. The object of these stipulations, as clearly expressed in the contract, was "to secure the general improvement of the settlement, and to protect the same against non-improving people." It was very material to Landis, who was interested in the rapid sale of lots in this settlement, whether any lot sold should be built upon, cleared, and fenced, and cultivated within a year, or whether the purchaser should take three or ten years to erect the improvements; any delay would injure him, and affect the value of the lots unsold. If fifty lots sold in any year, should, in compliance with the stipulations contained in these deeds, be built upon and improved within that year, it would greatly facilitate the sale of lots the next year, and materially enhance the price which they would bring. And a purchaser who willfully violates an express agreement, and knows, when violating it, that he thereby seriously injures the vendor, is not entitled to ask a court of equity for protection or relief, in his willful and deliberate breach of good faith.

But besides the fact that time is material to the object of this contract, it is expressly made of the essence of it. The contract specially provides, that if these stipulations are not performed in time, the vendor may retain the land upon paying back the amount received. This is no forfeiture, but a fair and just provision on equitable terms, for terminating the contract.

That the complainant erected a building after the contract became void, cannot have any effect upon his rights, or change the position of Landis. Landis in no way encouraged or assented to it; he does not appear to have known of it. And it would seem to have been done in bad faith by the complainant, with the intention of stealing away Landis' reserved right of putting an end to the contract, by covertly creating an equity against him.

Trustees of the M. E. Church v. The Mayor of Hoboken.

The opinions of the some of the witnesses, that the course of Landis is not a wise one for the prosperity of his settlement, may be correct. But as long as Mr. Landis elects to manage his own concerns, according to his own judgment, this court cannot, provided he violates no rule of law, compel him to adopt the course which the superior wisdom of the witnesses of the complainant has pointed out as the best way to succeed with his enterprise.

The bill must be dismissed, with costs.