## DONA ANDERSON

### v.

## BROAD STREET NATIONAL BANK, TRENTON, et al.

[Argued October 29th, 1918. Decided December 2d, 1918.]

1. An insured cannot affect the rights of a beneficiary named in his policy of insurance by assigning the policy, although he reserved the right to change the beneficiary. An assignment is not a change of beneficiary.

2. An "assignment" clause in a life insurance policy—*Held*, not to reserve dominion over the policy in the insured by implication so as to give an assignment the effect of a change of beneficiary.

On bill, &c.

*Mr. Frederic R. Brace,* for the complainant.

*Mr. George W. Macpherson,* for the defendant bank.

BACKES, V. C.

The question in this case is, Who is entitled to the proceeds of life insurance policies, the beneficiary named in the policies or the assignee of the insured? The proceeds are in court. The facts stipulated by counsel are:

The New York Life Insurance Company, at the instance of William O. Anderson, issued to him two policies in each of which it

"Promises to pay at the Home Office of the Company in the City of New York, upon receipt at said Home Office of due proof of the death of William O. Anderson, herein called the insured, Five thousand dollars, less any indebtedness hereon to the Company and any unpaid portion of the premium for the then current policy year, to Dona, wife of the Insured, beneficiary, with right of revocation."

Two pertinent clauses of the policies are:

"CHANGE OF BENEFICIARY. When the right of revocation has been reserved, or in case of the death of any beneficiary under either a revocable or irrevocable designation, the Insured, if there be no existing assignment of the Policy, made as herein provided, may, while the Policy is in force, designate a new beneficiary with or without reserving right of revocation by filing written notice thereof at the Home Office of the Company, accompanied by the Policy for suitable endorsement thereon. Such change shall take effect upon the endorsement of the same on the Policy by the Company. If any beneficiary shall die before the Insured the interest of such beneficiary shall vest in the Insured."

"ASSIGNMENT. Any assignment of this Policy must be filed with the Company at its Home Office. The Company assumes no responsibility as to the validity of any assignment."

Anderson owned and operated a corporation, and to secure for it a line of discount to the amount of $10,000 assigned the

policies to the bank as security. The assignment was filed at the home office of the company. It was filled out on a blank form of assignment furnished for that purpose by the insurance company. The bank advanced $8,800 and this amount was unpaid at the time of Anderson's death.

The bank's claim to the proceeds is rested upon the theory that the insured by reserving the right of revocation retained the absolute ownership of the policies and the right to dispose of them by assignment, and that that right is recognized by the clauses above stated. On the other hand, the beneficiary, admitting that the insured had the power to deprive her of her interest, contends that her right remains undisturbed because the power was not exercised in the manner provided by the "Change of Beneficiary" clause; that the assignment was not an appointment of a new beneficiary under this provision, and that the bank took by it only the increments of the policies and the contingent rights of the insured if he outlived the beneficiary.

*Sullivan* v. *Maroney, 76 N. J. Eq. 104; affirmed, 77 N. J. Eq. 565*, is, in its legal aspect, on all fours with this case and is controlling unless some differentiating elements demand the application of other principles. In that case the insurance on the life of Mrs. Cahill was payable to her children, if living, and if not, then to her personal representatives. The insurance was effected and paid for by the assignee under an agreement that the policy was to be assigned to her by the insured, which was done. The right to revoke the beneficiaries was not in terms reserved, but the policy afforded that privilege and provided for assignments by clauses substantially like those above quoted. There, as here, the right of the beneficiaries was conditional and defeasible. *Cooley Briefs Ins. 3755.* Vice-Chancellor Garrison, in awarding the proceeds to the beneficiaries, rested his decision upon well-established principles, viz.: That in an ordinary life policy the interest of the beneficiary is vested and cannot be divested without his consent; that where a policy reserves the right to the insured to change the beneficiary and prescribes the method, the interest of the named beneficiary can be defeated only by pursuing that method; and that an assignment of the policy by the insured is not a compliance with the requirements for effect-

ing a change of beneficiary and does not accomplish that result. The assignment was featured and given prominence as operating only upon the contingent interest of the insured and not upon that of the beneficiaries, and the reviewing court regarded this as decisive of the case, quoting from the opinion below: "There were, therefore, always two sets of interests in this policy—the beneficiaries (who would get the money if they were living at the death of the insured) and the representatives of the insured (to whom the money would come if the insured outlived the beneficiaries). Each of these interests was undoubtedly subject to assignment. Neither one could, in my view, assign anything excepting that which would come to that one; and the assignment of neither could possibly impinge upon the rights of the other. In other words, the beneficiaries, if of age, could undoubtedly assign their interests, under the policy, and the insured could, undoubtedly, as against her estate, and so as to bind it, assign that interest—*i. e.,* the interest which would come to her estate." In the present case there were two such interests. In the case cited the contingent interest of the insured was payable to her personal representative, while here the policies provided for payment to the insured if the beneficiary predeceased him. The court of errors and appeals noted the fact that the assignment was written on a form issued by the company, as was the case here, and was "manifestly drawn to comply, not with the provisions of the policy for change of beneficiary, but with those relating to assignment, properly so called," and agreed with the vice-chancellor that "this paper must be treated as an assignment and is not available to affect a change of beneficiary." It furthermore declared that "if it had been intended to work a change of beneficiary, the method of doing so was clearly pointed out and should have been followed. The paper that was executed being not a change of beneficiary but an assignment, and by its very terms conveying only the right, title and interest of Mrs. Cahill, is conclusive of the intent of the parties and should not be extended by construction." The court's remark that it agreed with the vice-chancellor "that as a general rule the interest of a beneficiary is vested and cannot be divested by an assignment of the policy by the assured." sug-

·gests a reservation that caused me to pause and to consider whether such an assignment would divest the interest of a beneficiary that is conditional only. After a careful examination of the authorities, I am of the opinion that whether the interest be regarded as vested and defeasible, contingent, a mere expectancy, or whatever the characterization may be, if the policy stipulates the course by which the beneficiary's interest is to be .nullified, he cannot be deprived of his right unless the prescribed mode for its destruction is followed, and that the assignment in this case by the assured had not that effect. The judgment in the *Sullivan Case* rests as securely on this as it does on the ground that the assignment by Mrs. Cahill appertained only to her title. The latest authority upon this phase of the law of insurance, brought · to my attention, is *Johnson* v. *New York Life Insurance Co.*, *L. R. A.* (*1916*) *868.* The cases are gathered in the opinion and the editor's note.

The text in *14 R. C. L.* § *171,* that "it would seem clear that the insured may assign the policy where he has reserved the right to change the beneficiary," is not supported by the note nor the cases cited. In the two Kentucky cases referred to the ⁻insured reserved the right to assign the policy as well as to change the beneficiary.

The doctrine of the text-books and decisions, that the insured retains control of the policy and may dispose of it at will, where the right to change the beneficiary is reserved, will be found upon an examination of the cases to be subject to the qualification that the power may be exercised within the prescribed limits of the contract only. The extent of this power is perhaps best illustrated by the rule defining the beneficiary's interest in such circumstances, as laid down in the note and cases referred to in ·. *14 R. C. L.* § *171,* thus: "Where, however, the right to change the beneficiary is reserved by the terms of the policy to the insured the beneficiary takes subject to this provision, and his title to the policy may be defeated 'by the terms of the contract naming him a beneficiary. It is a condition of the contract and his right is therefore subject to it.' "

The bank calls attention to the fact that in the assignment of the policy in the *Sullivan Case,* the assignment was of the right,

title and interest of the insured, while.here the policies were assigned. I can observe no distinction in legal effect. In either case the assignor assigned only that which he possessed.

The point is also made that in the policies with which we are dealing the right of revocation was expressly reserved, whereas in the cited case the "Change of Beneficiary" clause was stipulated as a privilege. The formal reservation does not, in my opinion, enlarge the insured's control over the policy. Rather, it limits the privilege and forms one of the conditions under which the right to change the beneficiary may be exercised in the manner provided by "Change of Beneficiary" clause.

And so as to the "Assignment" clause and the reference to assignments in the "Change of Beneficiary" clause. They do not by implication reserve dominion over the policy in the insured. The former comprehends only such assignments as either the insured or the beneficiary may make of their respective interests. In the latter the reference to assignments means simply that when there is an outstanding one by the insured his right to revoke is not to be exercised without the assent of the assignee. In other words, he is not permitted to substitute one or more beneficiaries whose expectancy of life is better than the named beneficiary, to the detriment of the assignee, without his consent. Circumstances have persuaded courts to variously interpret the condition of the clause "if there be no existing assignment of the policy," but I can attribute to it, in this case, no other function.

I am unable to distinguish this case from that of *Sullivan* v. *Maroney*, in principle, and am, therefore, authoritatively bound to advise a decree in favor of the complainant. This result does not effectuate the intention of the parties to the assignment whose obvious purpose was, as it was in the *Sullivan Case*, to transfer the entire property in the policy. But it must be borne in mind that the relations of the parties to the policies are purely contractual and alterable only according to their terms, and, as the available means for effectuating the intention were not employed, it is not within the power of the court to supply the deficiency. The duty of the court is to construe instruments, not to make them.

The case of *Mutual Beneficial Life Insurance Co.* v. *Swett,* in the United States circuit court of appeals, reported in *222 Fed. Rep. 200,* is strongly urged by the bank as supporting its position and to which I will briefly refer. The wife was the beneficiary and a bank held the policy by assignment to secure money loaned to the insured. The wife had joined her husband in the assignment and the question of its office and efficacy came before the court, in a dispute over the fund, on the effort of the wife to avoid the assignment on the grounds that as to her it was without consideration, and that she was a surety only, and that the lien acquired by it was released by extensions of time, without her consent, of the notes which it was given to secure. The statement of facts discloses that the policy by its terms was assignable, and also that it reserved to the insured the right to change the beneficiary. The court in sweeping aside the contentions declared that as the ownership of the policy was in the insured, and the absolute right to assign it was lodged in him, and as the wife's interest was inchoate, a mere expectancy, she parted with nothing of appreciable value entitling her to a consideration, and that she did not become surety for her husband because she had nothing to pledge. The formula reserving the power of disposition to the insured does not appear, but that it was something apart from the right to change the beneficiary, and independent of it, seems clear from the opinion, an opinion in entire accord with well-established doctrines, and is emphasized by what the court said in declining to determine whether the assignment amounted to a change of beneficiary: "The assignment of a policy and a change of beneficiary are not the same, but different, things. An assignment is the transfer by one of his right or interest in property to another. It rests upon contract, and, generally speaking, the delivery of the thing assigned is necessary to its validity. The power to change the beneficiary is the power to appoint. The power of appointment must be exercised in the manner agreed upon in the contract of insurance. *Nib. Ben. Soc. & Acc. Ins. (2d ed.)* § *173.* Swett made an assignment of the policy. He did not exercise, or attempt to exercise, the power to appoint another beneficiary."

A decree will be advised awarding the proceeds of the policies to the beneficiary.