This is a contest for money paid into court by the Prudential Insurance Company of America as the proceeds of policy of insurance No. 3,685,068 for $500, dated July 7th, 1921, issued by it on the life of Herman H. Deyerberg, payable to "the executors, administrators or assigns of the insured." The contestants are Helene Elschepp, who claims under an assignment of the policy, and Herman F. Deyerberg, who claims as administrator of the estate of the insured.
From the evidence I find as proven facts the following: On or about Christmas day, 1921, the insured made a gift of the policy to Mrs. Elschepp by delivering it into her hands *Page 91 
and saying to her that he gave it to her as a present. She retained possession of it until April, 1922, when, at the suggestion of the insured, she gave it to him for safekeeping for her. At that time the insured handed her a letter, or writing, entirely in his own hand, dated as of the time he had given the policy to her, which letter is as follows:
"Dec. 24, 1921.
"To the Prudential Insurance Co. of America:
"In case of my death the beneficiary of this insurance for 500 dollars shall be paid [No. 3,685,068] to Helene Elschepp, 137 Congress St., Jersey City.
"HERMAN H. DEYERBERG."
About July 15th, 1922, the insured placed the policy in a safe-deposit box standing in the names of his son and daughter, where it remained until the insured died September 23d 1924, and thereafter it has been in the possession of the administrator.
In determining the ownership of the fund in court, the following provisions contained in the policy are to be considered: First, a provision whereby the right to change the beneficiary was reserved by the insured. Second, a provision that the insured might at any time while the policy remained in force, by written notice to the company at its home office, change the beneficiary, such change to become effective only when a provision to that effect is endorsed on or attached to the policy by the company. Third, a provision that any assignment of the policy must be in writing and that the company shall not be deemed to have knowledge of such assignment unless the original or a duplicate thereof is filed at the home office of the company.
The administrator contends that delivery of the policy to Mrs. Elschepp and the letter above quoted were, in effect, an attempt to change the beneficiary, and that because no written notice of change of beneficiary was given to the insurer and no endorsemnt of such change was made on or attached to the policy by the insurer, the attempt was inoperative. The administrator further contends that delivery of the policy to Mrs. Elschepp was ineffective as an assignment, *Page 92 
because the quoted letter is not an assignment in form and no assignment in writing, as required by the policy, was made by the insured to Mrs. Elschepp.
As a general rule, the interest of an individual designated as beneficiary in a policy of insurance is a vested property right, payable to him if he outlives the insured, which right can only be divested by the insured making a change in beneficiary in the manner provided by the policy contract. Consequently, an assignment of such policy by the insured, even if made in full compliance with terms similar to those contained in the policy now under consideration, is ineffectual as against such beneficiary. Metropolitan Insurance Co. v. Clanton, 76 N.J. Eq. 4; Sullivan v. Maroney, 76 N.J. Eq. 104; affirmed, 77 N.J. Eq. 565; Anderson v. Broad Street National Bank, 90 N.J. Eq. 78; affirmed, 91 N.J. Eq. 331; Metropolitan Life Insurance Co.
v. Tesauro, 94 N.J. Eq. 637. But where the sole beneficiary named in the policy is the executors, administrators or assigns of the insured, the policy, in effect, is made payable to the insured himself, or, in the event of an assignment by him to his assignee and such is the situation with respect to the policy now under consideration. Although the insured could have had it made payable to a new beneficiary only in the manner provided in the policy, he could make a valid assignment of it and of the money to become due thereon, because no individual beneficiary had any interest therein. Travelers Insurance Co. v. Grant, 54 N.J. Eq. 208; Sullivan v. Maroney, supra; Anderson v. Broad StreetNational Bank, supra. Failure of the insured to comply with the policy provision that any assignment must be in writing, cannot avail the administrator because such provision was an agreement between the insured and the insurer alone, which the latter waived by paying the proceeds of the policy into court.
A gift may be made of a policy of insurance payable as this one was made payable, as of other choses in action belonging to the insured. It is not necessary that it be made by written assignment or other form of writing. Travelers Insurance Co. v.Grant, supra; Metropolitan Insurance Co. v. Clanton, supra;Farrell v. Passaic Water Co., 82 N.J. *Page 93 Eq. 97. I find that on or about December 24th, 1921, the insured delivered this policy to Mrs. Elschepp with intent to present to her his entire interest therein; that he retained no ownership or dominion over it and that he, therefore, made a valid gift of the policy to her. The subsequent delivery of the policy by her to the insured was not a return or surrender of the gift, because the insured then gave her a letter in the nature of a receipt, which evidenced her continued ownership of the policy and was an acknowledgment that he held it as her agent.
Counsel for the administrator argues that the letter was an attempt to make a change in beneficiary, void because the policy requirements in that respect were not met. I do not so regard the letter. I regard it rather as cumulative evidence of an assignment or gift established by the testimony of other witnesses and even if it might be regarded as an attempt to name a new beneficiary, it was inoperative as against an assignment theretofore made. Counsel also argues that the letter should be regarded as an attempt, testamentary in character, to dispose of a portion of the insured's estate, which must fail because the statutory formalities relating to the execution of wills were not observed. But Mrs. Elschepp's claim is not based on the letter. She produced it merely as evidence of her claim which is based on a gift or assignment made several months prior to the letter. When the insured wrote the letter he had no interest in the policy which he could dispose of by will, and, therefore, the letter cannot be considered as an attempted testamentary disposition of the policy. Travelers Insurance Co. v. Grant,supra.
I shall advise a decree that the fund in court be paid to Mrs. Elschepp. *Page 94