The primary inquiry in this suit is whether a certain written instrument is operative as an equitable assignment of the funds to which it refers. The following is a copy:
"For and in consideration of the sum of one dollar to me in hand paid, the receipt of which is hereby acknowledged, I hereby agree to pay to Charles F. Myers, one-eighth of any and all profits to which I may be entitled and which may be payable to me, under the terms of the two agreements entered into between Horace H. Fritz and myself, covering the properties in the city of Camden, State of New Jersey, the title to which is in my name. Said proportion to be paid to him when and as profits are payable to me.
This agreement to be binding upon my heirs, executors and administrators.
[Signed] A. HOWARD RITTER." *Page 2 
This inquiry must be answered in the negative.
In American Pin Co. v. Wright, 60 N.J. Eq. 147, affirmed for the reasons therein stated in 85 N.J. Eq. 219, the distinction is clearly and authoritatively defined between an assignment of a fund and an agreement to pay out of a fund. It is there determined that the latter will not operate as an assignment because it implies that the covenantor is to retain a control over the fund, and that more remains to be done on his part to make the transfer effectual. Notwithstanding the existence of persuasive decisions to the contrary elsewhere. that authority must be deemed binding on this court and preclude further inquiry touching the principle there defined.
The specific engagement above quoted is for Ritter to pay to Myers, and the evidence touching the circumstances surrounding the transaction fully discloses an intent of the parties that the fund referred to was to be wholly earned, received and distributed by Ritter. In this respect the present case cannot be distinguished from the case above referred to.
The profits referred to were prospective profits of a real estate development enterprise of Ritter's in which he had with his own funds purchased a tract of land and was engaged in its improvement, wholly at his own expense, with a view of selling it at a profit. The legal title of the land was in Ritter, and all revenues from sales were to come to him. Complainant, Myers, had long been Ritter's bookkeeper and had no pecuniary interest in the enterprise. The Fritz agreements referred to in the instrument were agreements in which Ritter agreed to pay to Fritz one-half of the profits of the enterprise after Ritter should have first deducted from the revenues received by him all expenses incurred by him, with six per cent. interest thereon. The combined effect of the Fritz and Myers agreements was to obligate Ritter to pay to Fritz one-half and to Myers one-eighth of one-half of Ritter's profits. These circumstances touching which no dispute exists, harmonize with the specific terms of the instrument above quoted. Ritter was to pay all bills and receive all revenues, and agreed to pay to Myers the percentage of profits specified. Under authority of the case already cited a covenant of that nature must be held to be an engagement to pay *Page 3 
out of a fund to be earned, received, controlled, owned and distributed by the covenantor, and as such not operative as an equitable assignment of a share of the fund, the transaction lacking the essential element of an absolute appropriation.
This view renders a consideration of the other defenses, raised unnecessary. The bill will be dismissed.