The First National Bank of Perth Amboy, New Jersey, a corporation, co-executor of the estate of Caroline Keller, deceased, complainant-appellee,

*v.*

George F. Keller, defendant-appellant.

[Argued May 21st, 1937.   Decided October 29th, 1937.]

*Messrs. Snyder, Roberts & Pillsbury* and *Mr. Theodore D. Parsons,* for the defendant-appellant.

*Mr. Joseph F. Deegan, Mr. Frank W. DeMuth* and *Mr. Paul C. Kemeny,* for the complainant-appellee.

The opinion of the court was delivered by

Bodine, J.

The appeal is from a decree entered in the court of chancery declaring that certain negotiable bonds in the possession of George F. Keller were property of the estate of his deceased

mother, directing him to account for the same and to pay a counsel fee to the complainant, his co-executor.

Caroline Keller, a resident of Cliffwood, Monmouth county, died December 1st, 1934, survived by her only child, George F. Keller, the father of four children of full age. By her last will and testament, Mrs. Keller appointed the First National Bank of Perth Amboy and her son co-executors of her estate. Practically the entire property passed to her executors in trust to pay the income to her son for life and upon his death to divide the principal among three of his sons. In 1927, Mrs. Keller was possessed of an estate of approximately $200,000. At that time, she presented her son with bonds of the face value of $28,000. On January 1st, 1934, he was given additional bonds to the further value of $25,000. The proofs not only show actual delivery but that the donee is still in possession of the bonds. He placed them, after receipt, in his safe deposit box, or one to which he had access, and if the coupons were later deposited by him in one of his mother's bank accounts he also had a power of attorney to draw upon that account.

In *Dill* v. *Dill, 118 N. J. Eq. 374,* affirmed by this court in *119 N. J. Eq. 467,* it was held: "The fact that the donor continued until her death to receive the income from the subject of the gift is not inconsistent with donative intent and does not rebut the gift."

At the time of Mrs. Keller's death, there still remained in her estate property worth more than $100,000. After the probate of the will, George F. Keller promptly advised both his co-executor and the counsel of the estate as to the circumstances surrounding the two gifts. He filed a gift tax return covering the last gift and counsel for the estate prepared and caused to be filed a donor's gift tax return. Counsel also prepared affidavits for Mr. Keller and for two of his sons reciting the circumstances of the gift. These affidavits were delivered to the co-executor.

For some unaccountable reason, counsel determined that the gifts must be questioned in the chancery proceedings now under review. There is nothing to indicate that Mrs. Keller

at the time the gifts were made was other than a thoughtful, shrewd and capable woman, well acquainted with business and able to select bonds which proved a safe medium of investment during the depression. There is nothing unreasonable in a parent making a gift to her child, especially when she retains more than ample property to provide for herself during her declining years. It is but a natural thing to do. There is nothing to indicate that the son occupied a dominating position with respect to his mother, but all the proofs indicate that the disposition made was natural and appropriate under all the circumstances of the case. None of the beneficiaries under the will question the propriety or validity of the gifts as made.

"Where the conveyance is made by a father to his son, or where the consideration is paid by the father and the conveyance made by a third party to the son, there arises a presumption of gift which must also be overcome by evidence before it can be determined that the written instrument shall not be effective according to its terms." *Prisco* v. *Prisco, 90 N. J. Eq. 289.*

"The relation between parent and child, whether adult or minor, naturally leads to gratuitous conveyances of land and gifts of personal property between them, especially from the parent to the child. Such conveyances require no other consideration than parental affection and duty." *Bankers Trust Co.* v. *Bank of Rockville Center Trust Co., 114 N. J. Eq. 391, 399.*

"A gift absolute in its terms, made voluntarily and with a full understanding of its effect, cannot be revoked by the donor, either by his own act alone or with the aid of a judicial tribunal." *James* v. *Aller, 68 N. J. Eq. 666, 670.*

"Improvidence in the gift and want of independent advice touching its execution are not alone sufficient to set aside a gift or donative trust of this nature. Except as against creditors a man of adequate mentality is privileged to give away all of his property, if he wishes to do so; and such a man needs no independent advice to sustain that apparently improvident act if the gift be made voluntarily and with full

understanding of the transaction and its force and effect. It is the relationship of trust and confidence between the parties which may inspire a dominating influence over the donor which renders the apparent improvidence of the act and the want of independent advice material, in the absence of other equitable grounds for relief." *Farley* v. *First Camden, &c., Trust Co., 107 N. J. Eq. 272.*

The proofs carefully examined in no way overcome the presumption that the gifts in question were an advancement to the son and in all respects proper.

The decree will be reversed, with costs.

*For affirmance*—THE CHIEF-JUSTICE, CASE, HEHER, WELLS, RAFFERTY, JJ. 5.

*For reversal*—PARKER, LLOYD, BODINE, DONGES, PERSKIE, DEAR, WOLFSKEIL, JJ. 7.