This is an appeal from an order of the Bergen County Orphans Court overruling certain exceptions to the account and passing the account as filed as correct. The account was filed by the widow of decedent and set forth that she received no property or assets whatever of the estate. Shortly after her appointment as administratrix a will of decedent, dated 1931, was found and was duly probated, and appellant was appointed administrator with the will annexed. Under this will the widow received nothing. Appellant filed exceptions to the account filed by the widow on the ground that it failed to charge her with the sum of $12,252.47; the proceeds of an insurance policy paid to the widow. The only substantial question on this appeal is as to whether appellant is entitled to the proceeds of this policy, which was payable to the insured's executors or administrators, or whether decedent made an effective gift of the policy to his widow, so as to give her the right to collect the proceeds. At the hearing in *Page 452 
Orphans Court on the exceptions it was found that the gift to the widow was valid, and that, accordingly, the proceeds of the policy did not become part of decedent's estate, and need not be accounted for by the widow as the original administratrix.
If the gift was valid there was no necessity for the widow to account for it. In Travelers Insurance Co. v. Grant, 54 N.J. Eq. 208, the court states:
"Finally, in the recent case of Logan v. Logan (decided without opinion) in the Prerogative Court of this state, upon appeal from the Camden Orphans Court, the present Chancellor has substantially decided the very question. There the widow, who was administratrix, had already collected the money, and the question was whether she should be charged with it. There being satisfactory proof that testator had given and delivered the policy to his wife in his lifetime, the learned Chancellor held that she should not be charged with it as administratrix."
The policy in question was issued in 1928, payable to the estate of the insured. It provided for certain payments to the insured in case of his disability. In 1935 decedent left this country to return to Greece, where he remained until his death in 1940. Prior to his going to Greece, he had commenced to receive disability payments from the insurance company, and continued to do so until his death. Upon learning of his death the widow claimed the proceeds of the policy but the insurance company refused payment unless she were appointed administratrix. She was so appointed and gave bond in the sum of $10,000, and thereupon the insurance company gave her a check drawn to "Katherine Morris, individually and as administratrix of the Estate of Peter Morris, deceased." It is this check which appellant contends should have been accounted for by her as administratrix.
The sole question before the court is whether she became the owner of the policy by gift from her husband, in which event she became entitled to the proceeds personally, and was under no obligation to account for it.
It is well settled that a provision in an insurance policy that a change of beneficiary shall be made only upon formal *Page 453 
application to the insurance company is one for the protection of the company, and that under the proper state of facts a valid gift may be made of the policy without notification to the company. Travelers Insurance Co. v. Grant, 54 N.J. Eq. 208;Metropolitan Life Insurance Co. v. Haggerty, 109 N.J. Eq. 663;Prudential Insurance Co. v. Deyerberg, 101 N.J. Eq. 90.
The sole question at issue, therefore, is as to whether on the evidence the Orphans Court shall be sustained in its finding that, in fact, decedent made a gift of the policy in question to his wife. There is ample testimony, if accepted as true, that shortly before leaving for Greece decedent delivered two policies of insurance, both payable to his estate and including the one in issue, stating that he gave them to his wife because of the fact that she had helped him in his business, and that some day they would be valuable to her. The second policy, which is not in question here, was subsequently assigned to one of his creditors on an obligation for which his wife was also liable, and this was done with the co-operation of his wife, who delivered the policy to the creditor. At least one of the witnesses, who appears to be completely disinterested and was, in fact, a blood relative of decedent, testified that he was present at the time of the delivery of the policies to the wife. There was no direct testimony contradicting this. The fact that decedent continued to claim and collect disability payments does not negative an intention to make a gift of the principal of the policy. Dill
v. Dill, 118 N.J. Eq. 374; affirmed, 119 N.J. Eq. 467; FirstNational Bank of Perth Amboy v. Keller, 122 N.J. Eq. 481.
A plausible reason was advanced why decedent did not arrange for a formal change of beneficiary in that he had been experiencing some trouble in collecting his disability payments from the company and, therefore, apparently did not wish to stir up further trouble with it. There is also evidence that the claim of the wife to the policy was known to decedent and that he made no effort to rebut her claim.
In my opinion, the finding of the Orphans Court that, in fact, there was a valid gift of the policy to the respondent was fully justified.
A decree will be advised dismissing the appeal. *Page 454