William E. Kennedy, Orange, N. J., for plaintiff.

Joseph Kraemer, Newark, N. J., for defendants.

SMITH, District Judge.

This is a civil action of interpleader filed under Title 28 United States Code, § 1335, 28 U.S.C.A. § 1335. Pursuant to the provisions of the statute, the plaintiff, having conceded liability under a certain policy of insurance, deposited in the registry of the court the sum admittedly due thereon, to which claim is here made by the defendants Lillian M. Connelly and Eli Sheitelman.[1] The defendant Connelly, the designated beneficiary under the policy of insurance, asserts a claim to the whole sum; the defendant Sheitelman, the assignee of the insured, asserts a claim to only a part of the sum, to wit, $3000.

### Facts

#### I.

The plaintiff, hereinafter identified as the Company, issued a policy of insurance (Policy No. 878,904) on the life of one George F. Connelly, hereinafter identified as the insured. The designated beneficiary was Patricia E. Connelly, the daughter of the insured. The policy of insurance was issued on May 19, 1943 on an application previously filed by the insured.

#### II.

The policy contained the usual provisions and, consistent with the application submitted by the insured, reserved to the insured "the right to change the beneficiary" upon written notice to the Company. The insured exercised the right thus reserved to him on August 4, 1947, when he designated the defendant Connelly, the wife of the insured, as the principal beneficiary. This change of beneficiary was made after the insured had executed and delivered to the defendant Sheitelman the written assignment here in question.

#### III.

The pertinent provisions of the policy, appearing on page 3 thereof, are as follows:

"Assignments. The Company assumes no responsibility for the validity of any assignment hereof and shall not be held to have notice of any assignment of this policy until the original assignment, or a copy thereof is received at its Home Office.

"Beneficiary Provisions. Unless otherwise provided herein, upon the death of any beneficiary hereunder during the lifetime of the insured, any interest of such beneficiary shall revert in equal shares to any surviving beneficiaries then designated hereunder, but *if there be none to the insured or assigns.* If the insured has reserved the right to change the beneficiary hereunder and such fact is recorded on this policy, the insured, if of legal age, may, whenever and as often as he likes, change any beneficiary designated herein by filing at the Home Office of the Company a written notice thereof duly executed and accompanied by the policy for record of the change thereon by the Company.

"Rights of Insured. If the right to change the beneficiary has been reserved to the insured, an assignment, release or surrender of this policy or any interest therein by the insured, if of legal age, *shall operate to the extent thereof* to assign, release or surrender the interest of any and all beneficiaries hereunder." (The emphases herein are by the Court.)

#### IV.

The insured applied to the defendant Sheitelman for a loan in the amount of $3000 which, after some preliminary negotiations, was granted on or about October 30, 1946. The said defendant paid to the insured (by check dated November 1, 1946) the sum of $3000, and the latter executed and delivered to the former a written assignment of the policy as collateral security. The assignment, dated October 3, 1946, was thereafter filed with the Company.

#### V.

The pertinent provisions of the assignment read as follows: "For value received I do hereby assign and transfer as collateral Policy No. 878904, issued by the Phoenix

---

1. The claim of the defendant John McKeon was predicated upon an assignment made by the defendant Lillian M. Connelly. This claim, the validity of which was not disputed, was paid on order of the Court.

Mutual Life Insurance Company of Hartford, Connecticut, on the life of George F. Connelly, and all right, title and interest therein unto Eli Sheitelman, aged 59, of 357 Springfield Avenue, Newark, N. J., to the extent of such interest as said assignee may have when said policy becomes a claim." The assignment bears the signature of the Insured, and this fact is not disputed.

## VI.

The defendant Connelly was designated the principal beneficiary of the policy, pursuant to the provisions thereof, on August 1, 1947. The record of the change of beneficiary was endorsed on the policy by the Company on August 4, 1947. There is no evidence that a written notice was filed with the Company, but it may be reasonably inferred from the record endorsed on the original policy that such a notice was filed and that an effective change of beneficiary was made. The fact, however, seems to be conceded in the "Agreed Statement of Facts."

## VII.

The Insured died on September 15, 1948 and was survived by the defendant Connelly, whose rights under the policy then matured. Thereafter the defendants Connelly and Sheitelman asserted their respective claims against the plaintiff, the former as beneficiary of the policy, and the latter as assignee of the insured.

## VIII.

The loan was not repaid, and at the time of the Insured's death there was still due and owing to the defendant Sheitelman the entire amount thereof, to wit, $3000.

## IX.

The evidence offered at the trial is sufficient to support the facts hereinafter stated, but it is our opinion that the facts are not relevant. These facts are incorporated herein only because they are urged by the defendant Connelly in support of one of the defenses interposed by her.

## A.

The entire proceeds of the loan were advanced by the insured to the George F. Connelly Co., a corporation organized under the laws of New Jersey on October 24, 1946. The Insured and the defendant Sheitelman were stockholders and employees of the corporation. Contracts of employment, together with other concomitant agreements, were received in evidence at the trial.

## B.

The corporation, of which the Insured was apparently president and treasurer, executed three notes payable to the order of the Insured, each in the amount of $1000. These notes were endorsed by the Insured and delivered by him to the defendant Sheitelman. We entertain some doubt as to the purpose of these notes, but it seems reasonable to infer from the evidence that they were given as additional collateral security.

### Discussion

The only questions here presented have been decided by the courts of this State. The rules of law adopted by them, even though they seem to represent the minority view, are determinative of the rights of the respective claimants. The reported decisions clearly support the claim of the defendant Connelly to the entire proceeds of the policy notwithstanding the assignment. The minority view[2] has been the subject of criticism, but it is nevertheless the law of this State.

The claim of the defendant Sheitelman is based solely on the assignment which, under the law of this State, effected a transfer to him of only a contingent interest in the policy, to wit, the right of the Insured (or his estate) to the proceeds of the policy if he survived the beneficiary. Sullivan v. Maroney, 76 N.J.Eq. 104, 73 A. 842, affirmed 77 N.J.Eq. 565, 78 A. 150; Anderson v. Broad Street Nat. Bank, 90 N.J.Eq. 78, 105 A. 599, affirmed 91 N.J.Eq. 331, 109 A. 205. See also Metropolitan Life Ins. Co. v. Woolf, 136 N.J.Eq. 588, 47 A.2d 340, and the cases hereinafter cited. This interest

2. Davis v. Modern Industrial Bank, 279 N.Y. 405, 18 N.E.2d 639, 135 A.L.R. 1035. See also 32 Col.L.Rev. 1071, 73 Penn.L.Rev. 295, 85 Penn.L.Rev. 203.

was extinguished upon the death of the Insured, survived by his beneficiary.

The scope and effect of a similar assignment were considered by the Court in the case of Sullivan v. Maroney, 76 N.J.Eq. 104, 73 A. 842, at page 844. It was therein stated: "There were therefore always two sets of interests in this policy—the beneficiaries (who would get the money if they were living at the death of the insured), and the representatives of the insured (to whom the money would come if the insured outlived the beneficiaries.) Each of these interests was undoubtly subject to assignment. *Neither one could, in my view, assign anything excepting that which would come to that one, and the assignment of neither could possibly impinge upon the rights of the other.*" (Emphasis by this Court.)

The defendant Connelly acquired a vested property right in the policy—a property right held by her daughter prior to the assignment. This right could have been divested "only by a change of beneficiary in the mode and manner prescribed by the contract", notwithstanding the reservation of the right to change the beneficiary. Metropolitan Life Ins. Co. v. Woolf, supra, 47 A.2d at page 343. See also Sullivan v. Maroney, and Anderson v. Broad Street Nat. Bank, both supra; Prudential Ins. Co. v. Deyerberg, 101 N.J.Eq. 90, 137 A. 785, 786; Prudential Ins. Co. v. Swanson, 111 N. J.Eq. 477, 162 A. 597, 599; John Hancock Mut. Life Ins. Co. v. Heidrick, 135 N.J.Eq. 326, 38 A.2d 442, 443. The mere assignment of the policy did not effect the necessary change of beneficiary. Sullivan v. Maroney; Anderson v. Broad Street Nat. Bank; Prudential Ins. Co. v. Deyerberg, supra.

The statement by the court in the case of Sullivan v. Maroney, 76 N.J.Eq. 104, 73 A. 842, at page 844, is apposite in the instant case. It was therein stated: "The paper, in form, is an assignment. It is made by a person who has an assignable interest, and carries that interest. The interest, as has been pointed out, was contingent but assignable. It does not purport in any way to make a change of beneficiaries, or to affect their interest. The method of change of beneficiary is pointed out in the contract, and that method was not pursued in any respect. It is not even attempted to be shown that it was effected according to the rules of the company as required, or that any written notice thereof was given to the company, or that it took effect by indorsement on the policy of the company, all of which are requisites."

The defendant Connelly further urges by way of defense that the money advanced by the defendant Sheitelman was not a loan but the purchase price of the stock which he acquired. The evidence before this Court does not support the defense. The evidence clearly indicates that the advance was a loan to the insured, although for a definite purpose, to wit, investment in the corporation; the purpose of the loan, however, did not change the nature of the transaction.

The defendant Connelly further urges as a defense the provisions of R.S. 17:34-29, N.J.S.A. 17:34-29, which exempts from the claims of creditors the proceeds of a "policy of life insurance made payable to or for the benefit of a married woman". There appears to be no reason to decide the issues raised by this defense.

## Conclusion

### I.

The written assignment upon which the claim of the defendant Sheitelman is based, although otherwise valid as between him and the insured, did not affect the vested right of the defendant Connelly, the beneficiary of the policy of insurance. The defendant Sheitelman acquired under the assignment nothing more than the interest of the Insured in the policy of insurance; this was a contingent interest which was extinguished upon the death of the Insured, survived by the designated beneficiary, the defendant Connelly.

### II.

The defendant Connelly, as beneficiary of the policy of insurance, had a vested property right which was not divested by the written assignment, notwithstanding the reservation of the right to change the beneficiary. The written assignment did not operate as an effective change of bene-

ficiary; an effective change of beneficiary could have been made only in the manner prescribed by the policy.

### III.

The right of the defendant Connelly to the proceeds of the policy of insurance matured upon the death of the Insured. This right was not impaired or diminished by the written assignments. The defendant Connelly is, therefore, entitled to the entire proceeds of the policy, less, of course, the sums heretofore paid by the Company; the sums thus paid are stated in the complaint filed herein.

### IV.

A judgment in favor of the defendant Connelly and against the defendant Sheitelman will be entered upon presentation of an order for judgment.