[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
Introduction
This action arises out of a dispute regarding payment of the proceeds of the RIPTA employees group life insurance policy of the late Rudolph Souza. Plaintiff Roselyn Souza claims those benefits, arguing that the decedent attempted to change the designation of his life insurance beneficiary from cross-claim defendant Ann F. Souza, his first wife, to plaintiff Roselyn Souza, the decedent's wife at the time of his death, and that defendant RIPTA failed to effectuate the change prior to his death. Cross-claim defendant Ann F. Souza and defendant RIPTA deny plaintiff's claim and contend that Ann F. Souza, as the named beneficiary of the policy, is entitled to the proceeds of the policy. Defendant RIPTA and cross-claim defendant Ann F. Souza both have moved for summary judgment, arguing that there are no genuine issues of material fact regarding the named beneficiary of the policy such that Ann F. Souza is entitled to the policy proceeds as a matter of law.
Facts and Procedural History
Rudolph Souza died on April 11, 1992. At the time of his death, he was married to his third wife, plaintiff Roselyn Souza, and employed as a bus driver by defendant RIPTA. He held life insurance coverage with Metropolitan Life Insurance Company ("Metropolitan") in the amount of $11,000 pursuant to a RIPTA employees group life insurance policy (the "Insurance Policy"). Rudolph Souza signed an insurance form on January 8, 1971 by which he designated cross-claim defendant Ann F. Souza as the beneficiary of the proceeds of his RIPTA group life insurance policy. All records in the possession of RIPTA indicate that when Rudolph Souza died, the named beneficiary of his Insurance Policy was cross-claim defendant Ann F. Souza, his first wife. Defendant RIPTA's Responses to Third-Party Defendant Ann F. Souza's Request for Admissions, #1.
The Insurance Policy contained language concerning the change of beneficiary. It provided in pertinent part, as follows:
 Your beneficiary.
 The "Beneficiary" is the person or persons you choose to receive any benefit payable because of your death.
 You make your choice in writing on a form approved by us. This form must be filed with the records for This Plan.
 You may change the Beneficiary at any time by filing a new form with your Employer. You do not need the consent of the Beneficiary to make a change. When the Employer receives a form changing the Beneficiary, the change will take effect as of the date you signed it. The change of Beneficiary will take effect even if you are not alive when it is received.
Exhibit 4 to Deposition of Richard Bergeron.
A RIPTA employee wishing to change the beneficiary of his or her group life insurance policy would have to contact RIPTA paymaster, Arthur Pilibosian, to obtain the proper forms to change the beneficiary. Pilibosian Affidavit, paragraph 3. Rudolph Souza never contacted Mr. Pilibosian to ask for the forms to change the beneficiary of his Insurance Policy nor did he indicate to Mr. Pilibosian that he wished to make a change of beneficiary. Pilibosian Affidavit, paragraph 4. Rudolph Souza never indicated to Mr. Pilibosian that he wished to designate anyone other than Ann F. Souza as the beneficiary of his Insurance Policy. Pilibosian Affidavit, paragraph 5. Similarly, Rudolph Souza never indicated to Richard Bergeron, RIPTA's Director of Personnel, that he wished to change the named beneficiary on his Insurance Policy to anyone other than Ann F. Souza. Bergeron Affidavit, paragraph 5. During his employment at RIPTA, Rudolph Souza never contacted any RIPTA officer, agent or employee who was in a position to change the name of the beneficiary of his Insurance Policy to attempt to remove Ann F. Souza as the named beneficiary. Defendant RIPTA's Responses to Third-Party Defendant Ann F. Souza's Request for Admissions, #2.
As a RIPTA employee, Rudolph Souza was entitled to pension benefits in addition to life insurance. At the time he became eligible for the pension program, Rudolph Souza contacted the RIPTA Director of Personnel, Richard Bergeron, to make plaintiff Roselyn Souza the beneficiary of his pension benefits. Bergeron Affidavit, paragraph 4. He completed the requisite forms on February 28, 1989 to designate her as his pension beneficiary.See Cross-Claim Defendant Ann F. Souza's Memorandum in Support of her Motion for Summary Judgment, Appendix A. There is no evidence that Rudolph Souza took similar action with respect to changing the beneficiary of his life insurance policy. See
Bergeron Affidavit, paragraph 5.
Immediately prior to his death, Rudolph Souza told his aunt, Ruth Medeiros, that "all of the necessary changes had been made with RIPTA and that Roselyn was to get his pension and the proceeds from the life insurance policy." Medeiros Affidavit, paragraph 7 8. Based on this conversation and her relationship with him, Ruth Medeiros is certain he intended to leave his pension benefits and life insurance policy proceeds to his wife, Roselyn Souza. Medeiros Affidavit, paragraph 10.
Another aunt of Rudolph Souza, Geraldine Bettencourt, visited with him in the hospital in March 1992 whereupon Rudolph Souza indicated that if he retired early, as the doctor advised, his wife, Roselyn Souza, would receive fewer pension and life insurance benefits. Bettencourt Affidavit, paragraphs 6 7. In April 1992, she visited him in the hospital again. Rudolph Souza asked her to help Roselyn with the funeral arrangements to make sure she would not go overboard because he wanted to make sure there would be money left over from the life insurance policy proceeds to help Roselyn and her daughter after his death. Bettencourt Affidavit, paragraph 8. Like Ruth Medeiros, Geraldine Bettencourt believes, based on these conversations and her relationship with him, that Rudolph Souza intended to leave his pension benefits and life insurance policy proceeds to his wife, Roselyn Souza. Bettencourt Affidavit, paragraph 9.
After Rudolph Souza died, cross-claim defendant Ann F. Souza filed a claim dated April 17, 1992 with Metropolitan to recover the life insurance benefits of the decedent. Plaintiff Roselyn Souza, too, claimed to be the beneficiary of Rudolph Souza's Insurance Policy and requested that Metropolitan withhold payment of the life insurance benefits to Ann F. Souza.
Metropolitan responded to plaintiff Roselyn Souza by letter dated May 7, 1992, as follows:
 Mr. Souza's group life insurance records show Ann F. Souza as the designated beneficiary of this policy. The fact that the relationship has changed since the designation was made does not automatically disqualify such person as the beneficiary. There is no evidence that Mr. Souza made any attempt to change the beneficiary of this group policy.
 . . . Since Ann F. Souza, as the designated beneficiary, has filed a claim to the life insurance proceeds, our obligation is to pay her in a timely manner. We, therefore, intend to make payment of the life insurance proceeds to the designated beneficiary on May 27, 1992 unless we are furnished with documentation by that date, evidencing why Metropolitan should not pay Ann F. Souza as the named beneficiary.
Cross-Claim Defendant Ann F. Souza's Memorandum in Support of her Motion for Summary Judgment, Appendix B.
On May 22, 1992, plaintiff Roselyn Souza filed suit against RIPTA and Metropolitan to enjoin distribution of the proceeds of the Insurance Policy to Ann F. Souza and to seek payment of those proceeds to her as the rightful beneficiary of Rudolph Souza's Insurance Policy. The defendants, in turn, filed a cross-claim against Ann F. Souza.
This Court subsequently ordered Metropolitan to deposit the proceeds of the Insurance Policy at issue into the Registry of the Court and discharged the insurer from further participation in this action. The Court further ordered the remaining parties to interplead their claims to the funds. The order provides that if plaintiff Roselyn Souza prevails, she shall receive the insurance proceeds deposited with the Court, minus the costs and fees incurred by Metropolitan; conversely, if she does not prevail, she shall pay the attorneys' fees and costs of Metropolitan, RIPTA and Ann F. Souza.
Defendant RIPTA and cross-claim defendant Ann F. Souza both have moved for summary judgment pursuant to R.I. Super. Ct. R. Civ. P. 56, claiming that Ann F. Souza is the lawful beneficiary of the Insurance Policy, as a matter of law, such that plaintiff Roselyn Souza's complaint should be denied and dismissed. Plaintiff Roselyn Souza opposes these motions, arguing that there are genuine issues of material fact as to the proper beneficiary that preclude summary judgment.
Discussion
Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to relief as a matter of law. Alfano v. Landers, 585 A.2d 651, 652 (R.I. 1972). In deciding whether a genuine issue of material of fact exists, the Court must view the pleadings, affidavits and other documents in a light most favorable to the party opposing the motion for summary judgment. Steinburg v. State, 427 A.2d 338, 340 (R.I. 1981). The non-moving party has an affirmative duty to establish by affidavit or otherwise the material facts to be decided. Nichola v. John Hancock Mutual Life Insurance Co.,471 A.2d 945, 948 (R.I. 1984).
Defendant RIPTA and cross-claim defendant Ann F. Souza contend that summary judgment should be entered in their favor because (1) it is undisputed that Rudolph Souza originally designated Ann F. Souza as the beneficiary of his life insurance policy and (2) plaintiff Roselyn Souza has failed to provide any evidence to show that the decedent changed or attempted to change the beneficiary of those life insurance proceeds from cross-claim defendant Ann F. Souza to plaintiff Roselyn Souza. The plaintiff counters that the decedent intended to name Roselyn Souza as the beneficiary and believed he had done everything necessary to effectuate the change of beneficiary.
An insured may change the beneficiary of an insurance policy by complying substantially with the procedures required by the policy. Confederation Life Association v. Allinson,95 R.I. 402, 410-11 (1963). To comply substantially with the terms of an insurance policy, the insured "must do all that he [or she] reasonably could be expected to do in the circumstances in order to effectuate his [or her] intention to change the beneficiary in the policy." Metropolitan Life Insurance Co. v. Sandstrand,78 R.I. 457 (1951). As the Rhode Island Supreme Court has instructed:
 [A]n insured may change a beneficiary under an insurance policy (having reserved the right to do so) by doing all that is required of him [or her] to effect the change, or all that is possible for him [or her] to do, although certain formal or ministerial acts of the officers of the insurer are not performed before the death of the insured. The question in a particular case, therefore, will ordinarily be as to whether the acts required, but unperformed, were essential parts of the contract or were ministerial and formal details."
State Mutual Life Insurance Co. v. Bessette, 41 R.I. 54 (1918).
The Insurance Policy covering Rudolph Souza contains a procedure for designating and changing the beneficiary of life insurance proceeds payable upon death. The policy requires the named beneficiary to be designated in writing on a form approved by the insurer. If the insured wishes to change the beneficiary, which he or she is free to do at any time without the consent of the beneficiary, the insured must fill out a new form with his or her employer. When the employer receives a form changing the beneficiary, the change will take effect as of the date the insured signed it.
The requirement that a change of beneficiary be made in writing, on a form approved by the insurer and provided by the employer, is an essential part of the contract of insurance and not simply a ministerial or formal detail. See MetropolitanLife Insurance Co. v. Sandstrand, 78 R.I. at 462 ("substantial compliance requires that an insured must intend and personally or through an authorized agency send a [written] change of beneficiary to the insurance company"). This procedure protects the insured, the insurer and the employer. Requiring the change of beneficiary to be designated in writing makes manifest the intent of the insured. The potential for fraud, duress or undue influence is minimized by requiring the insured to designate the beneficiary, in writing, on a standard form, approved by the insurer, which is provided to the employee by the employer.
It is undisputed that Rudolph Souza originally designated cross-claim defendant Ann F. Souza as the beneficiary of his life insurance policy, in writing, on a form provided by his employer (RIPTA) and approved by his insurer. There is no evidence, however, that he ever filled out a new form with his employer to change his designated beneficiary or otherwise designated Roselyn Souza as the beneficiary of the Insurance Policy in writing. In addition, there is no evidence that Rudolph Souza contacted anyone at RIPTA to obtain a form to change his designated beneficiary or that he otherwise attempted to make that change.
The affidavits submitted by plaintiff Roselyn Souza in support of her objection to the motions for summary judgment suggest, at most, that Rudolph Souza intended to change the beneficiary of his Insurance Policy from cross-claim defendant Ann F. Souza to plaintiff Roselyn Souza and believed that he had effectuated that change with RIPTA. There is nothing in the affidavits to suggest that Rudolph Souza did all that was required of him, pursuant to the Insurance Policy, or all that he reasonably could have been expected to do in the circumstances to effectuate his intention to change the beneficiary of the policy.
Evidence of Rudolph Souza's subjective intent and expectations, without evidence of affirmative conduct on his part to effectuate a change of beneficiary, falls far short of the quantum of proof necessary to create a genuine issue of material fact as to the proper beneficiary of the Insurance Policy. As Rudolph Souza designated Ann F. Souza as the beneficiary of his group life insurance policy in writing on a form provided by his employer and acceptable to the insurer, and as there is no evidence that he took the steps necessary, pursuant to the contract of insurance, to effectuate his alleged intent to change the designated beneficiary of the policy from her to plaintiff Roselyn Souza, cross-claim defendant Ann F. Souza must be deemed the true beneficiary of the Insurance Policy as a matter of law.
Conclusion
Accordingly, the motions for summary judgment filed by defendant RIPTA and cross-claim defendant Ann F. Souza are granted. The proceeds of the Insurance Policy deposited into the Registry of the Court, plus any accumulated interest, shall be remitted to cross-claim defendant Ann F. Souza. Plaintiff Roselyn Souza shall pay the reasonable attorneys' fees and costs incurred by Metropolitan, RIPTA and Ann F. Souza, in accordance with the prior order of this Court. Counsel for defendant RIPTA and cross-claim defendant Ann F. Souza shall prepare and submit to the Court forthwith a form of order and judgment reflective of this decision.